NUNC PRO TUNC
JUL -1 2008



Patience Thornburg
Claimant
1293 Vine St.
El Centro Ca 92243
Telephone: (760)604-1698
Telephone: (760)234-2134
Email: princess.patience1@yahoo.com

Claimant Of Defendant
One 2002 Mercedes Benz C32
Ca License 5WFJ559
Vin wdbrf65jx2f226748
Its Tools And Appurtenances

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>ONE 2002 MERCEDES BENZ C32,<br>CA LICENSE NO. 5WFJ559,<br>VIN WDBRF65JX2F226748,<br>ITS TOOL AND APPURTENANCES<br><br>    Defendant. | ) CIVIL No. 08 CV 0035 DMS WMc<br>)<br>) CLAIM OF INTREREST<br>) AND ANSWER<br>)<br>)<br>)<br>)<br>)<br>) |

    By way of claim of interest and answer on the behalf of the Defendant, One 2002 Mercedes Benz C32 (hereinafter "defendant vehicle"), the claimant Patience Thornburg alleges:

    1.    The interest I Patience Thornburg (hereinafter "claimant") have in the defendant vehicle is registered ownership. I purchased the defendant vehicle to transport my family members and self for daily activities.

    2.    In January 2007, I claimant called Imperial Valley Probation Department to request help or advice. Latter claimant received a phone call from officers asking claimant to meet with them and they would try to help me. I had met with them when they would call claimant to meet with the agents.



In March 2007, the agents wanted to setup an undercover narcotic purchase between Pablo Avelar and an undercover agent. Claimant explained to the agents that Avelar was no longer involved in narcotic sales. One of the agents Steve Epperson seemed upset agent then replied to claimant that they needed claimant to help them conduct a narcotic purchase from Avelar. Agent Epperson wanted to know how much money did Avelar need to get started in sales again. Claimant then realized they were not trying to help. Claimant meet with the agents again and was given money and instructed to purchase methamphetamine give it to Avelar and to try to have Avelar deliver the methamphetamine to an undercover agent. The agents wanted the controlled substance delivered in defendant vehicle. Avelar never exchanged narcotics with the undercover. The agents plan failed however they told claimant she did a good job. Claimant once again explained that Avelar was not involved in narcotic sales and that's why there plan did not work. Agents insisted on doing more buys hopping to have Avelar exchange narcotics with the undercover agent. Claimant told the agents she did not want to continue with these sales. The agents knew Avelar was not supplying the controlled substance but still continued.

2.   In August 2007, agent Epperson served claimant with a subpoena to a grand jury. Claimant was told by agent Epperson and prosecuting attorney John Willis that claimant was not allowed to have an attorney present. When claimant was asked to take the bench prosecuting attorney asked several questions to claimant about Avelar to charge Avelar with sales.

3.   On August 2007, officers searched two separate properties were Avelar lived along with the defendant vehicle and found no narcotics. Avelar was also searched officers found no narcotics.

4.   On March 2007, the defendant vehicle was used to deliver a controlled substance conducted by the Narcotic task Force. With the governments money claimant was instructed to purchase methamphetamine and have Avelar drive claimant to the undercover agent in the defendant vehicle. These sales were

conducted by the government not by Avelar. Without the government money and the persistence of the agents these sales would have never accrued. Claimant was assisting the agents out of fear. At one time agent Epperson and co agent advised claimant if she did not continue to assist the agents she would be put away in Federal Prison were no one would know were she was and that she would never see her kids again. Epperson had also told claimant that they have put to much money and time into this case to drop it.

5. The defendant vehicle was purchased with honest legal proceeds. Julie Thornburg (hereinafter Thornburg) claimants mother obtained a loan on her property. Thornburg gave claimant a large amount of money to pay claimants mortgage to prevent foreclose. Claimant daughter of Thornburg went out and purchased the defendant vehicle. Thornburg and claimant have document to prove were the proceeds came from and copies of the checks From Thornburg's bank account made out to the claimant.

6. Prior to March 2007. The defendant vehicle was not used to transport or sell controlled substance.

7. Because of the aforementioned statements claimant would like the defendant vehicle to be released to her.

8. The defendant vehicle is presently being stored within the jurisdiction of this court.

9. The value of the defendant vehicle is approximately $20,375.00.

DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)

    Wherefore the claimant prays that the court release the defendant vehicle and allow it to be declared.

DATED: July 1, 2008

*P. Thornburg* (signature)
Patience Thornburg
Claimant

- 4 -
DOCUMENT TITLE (e.g., COMPLAINT FOR DAMAGES)